The opinion of the Court was delivered at this term by
Parker, C. J.
The title of the demandant to the premises m question seems to be sufficient to maintain his suit ; unless the tenant has shown a right to retain the possession under a better title, or unless he can show some fatal defect in that of the demandant which will take away his right of entry.
* The original title to the demanded premises was in Joel Harrington, who was seized of the land in 1793, in which year he conveyed the same in mortgage to Elijah Lawrence. This mortgage, and the bond taken .as collateral security, were assigned by the executor of Lawrence to the demandant; who has thus acquired a right to the possession of the land, as assignee of the mortgage. But, as this title was acquired after the purchase of the writ, he cannot avail himself of it in this suit ; for the title in issue has reference to the commencement of the action.
It is admitted in the case, that Brown had lawfully acquired all the right remaining in Harrington after his mortgage to Lawrence ; so that Brown was seized of the right in equity to redeem the same , and the demandant showed a judgment recovered against Brown in 1804, and a levy of the execution which issued upon the judgment, upon the right in equity to redeem, within thirty days after the judgment rendered ; and a deed from the officer who made the levy to the demandant.
These proceedings, if regular, would, according to the statute, vest all the right and interest, which Brown had in the premises, in the demandant, and entitle him to the possession against all but the mortgagee and his lawful assigns.
But the legality of the proceedings has been questioned on several grounds ; and it is necessary to determine the validity of the objections.
The tenant appears in the suit altogether as a stranger to the title *389 of Harrington or Brown; but claims to defend merely on account of a possession which has continued thirteen years, claiming, as he alleges, a fee. He was originally, then, a disseizor of some one ; and it is only on the ground of disseizin that he claims a fee in the premises. It must be presumed that he disseized either the mortgagor or the mortgagee. But this act would have no effect upon the right to redeem, which has been traced down in the manner aforesaid to the demandant. His * possession, therefore, although adverse, would not prevent the operation of the deed from the officer to the demandant. For the thing sold being an incorporeal hereditament, the sale was not subject to be defeated by any unlawful possession of the land itself.
The tenant’s first objection is to the judgment recovered by the demandant against Brown, alleging it was suffered by fraud. But in this question we think he has no interest, not being a creditor of Brown, or otherwise having a right to question a judgment against him. And this question of fraud in obtaining the judgment was also left plainly and distinctly to the jury, who must be considered to have definitively settled it in favor of the demandant. As to the errors supposed to exist in the record, the release executed by Brown, on the 1st of April, 1805, of all errors in the rendition of the judgment, is conclusive upon this point. For, should that release be inoperative as to the title of the land, for want of being acknowledged, it would still be good as a release of errors, which needs not be acknowledged or recorded.
An exception is also taken to the levy and sale by the officer, because it did not appear, by the return, in what manner notice was given of the intended sale, nor that he gave notice to the judgment debtor of the time and place of sale, as required by the statute which provides for the selling of rights in equity; the return of the officer being general, namely, that he proceeded to sell, “ after giving public notice of the time and place of sale, agreeably to law in such cases made and provided.” This return is undoubtedly defective ; nor do we think it could be cured by proof of the necessary facts ; because every thing essential to a title under the statute ought to appear of record. And we have no doubt that Brown, the execution debtor, or any person regularly claiming under him, might avoid the levy for this cause. Whether it could be amended by the officer, under the direction of the Court, were the officer now living and ready to certify the essential facts * omitted in the return, we are not prepared to say ; but we are satisfied that no parol evidence could be properly admitted in lieu of the return of the officer.
The question, however, in this case is, whether by these proceedings, and the deed of the officer, which was subsequently made, and *390 the entry upon the land, which was made by the demandant after the delivery of that deed, he had not acquired a seizin, which will enable him to maintain this possessory action against a mere stranger, so that he might have to contend only with Brown, or his lawful assigns, as to the validity of his title.
Upon this point we have entertained considerable doubts ; but we are now satisfied that the tenant has a lawful right to insist upon proof, that all the measures, made necessary by the law to vest the right of Brown in the demandant, have been adopted and pursued. The title of the demandant is wholly under the statute, and he must show a compliance with all the substantial requisites of that statute, or he has no right to disturb the tenant in bis possession.
In all cases the demandant in a real action must show a title sufficient to give him the right of possession ; in other words, he must show an actual seizin according to his count. The demandant in the case before us can show no seizin, unless the steps made necessary by the statute, to divest the right of Brown, have been taken. Notice of the sale, in the manner prescribed by the statute, and particular notice to the debtor of the time and place of sale, are essential to the sale by the officer. These preliminary facts must be proved by the return of the officer upon the execution. They do not appear in this case, unless the general return, that he had given notice according to law, should be received as evidence. But it has often been determined that the officer must return specially the manner in which he has executed his precept, in order that the facts may become matter of record, for the benefit of him whose property is taken from him by virtue of legal process founded on * statute ; and also that the Court may judge whether the duty has been properly executed, instead of its being left to the officer to determine this matter for himself.
The case of Davis vs. Maynard (5) settles this point decisively, and, indeed, that case is, in all respects, like the case at bar. And the cases of Eddy vs. Knapp, (6) and Purrington vs. Boring, (7) recognize and involve the same principle. The demandant, therefore, acquired no seizin by virtue of the levy and sale ; and the tenant, who was in possession before those proceedings commenced, has a right to maintain that possession.

Demandant nonsuit.

 9 Mass. Rep. 242.

 2 Mass. Rep. 154.

 7 Mass. Rep. 388.