MEMORANDUM.   *Weston J.* was not present at this term

## MEANS & al. vs. OSGOOD.

It is essential to the validity of the return of an extent, that it should show that the debtor was duly notified to choose an appraiser.

If it does not, the officer will not be permitted to amend it, if a third person has in the mean time acquired a vested right in the land.

The amendment of an officer's return of an extent after it has been recorded will not, it seems, relate back to the time of its registry; but will take effect only from the time of the amendment.

THIS was a writ of entry, in which the demandants made title to a parcel of land by virtue of the extent of an execution against one *James Snowman,* under whom the tenant claimed the same land by deed. It appeared, at the trial before *Weston J.* that the officer had not stated in his return of the extent that the debtor had been duly notified to choose an appraiser, the officer having chosen one for him; and the judge being of opinion that this was a fatal defect,

the demandants became nonsuit; and the question was reserved for the opinion of the court.

This question was briefly spoken to, at the last term, by *Green-leaf* for the demandants; who also moved for leave to the officer to amend his return by inserting the fact of notice to the debtor; and cited *Morse v. Dewey*, 3 *N. Hamp.* 535.

*Abbot*, for the tenant, cited *Williams v. Bracket*, 8 *Mass.* 240.

PARRIS J. at this term delivered the opinion of the Court.

Our statute of 1821, *ch.* 60, *sec.* 27, provides, that the officer holding an execution, which the creditor thinks proper to levy on the debtor's real estate, shall cause three disinterested free holders faithfully and impartially to appraise such real estate as shall be shown to them, &c. one of whom shall be chosen by the creditor, one by the debtor, and a third by the officer; and in case the debtor shall neglect or refuse to choose, after being duly notified by the officer, if the debtor be living in the county in which such land lies, the officer shall appoint one for such debtor.

The only way in which title to land can be acquired by the levy of an execution is by a strict observance of this statute, for at common law no title could be acquired by such levy. Whether all the requisites of the statute have been complied with, so as to vest the debtor's title in the creditor, must be ascertained by an examination of the officer's return; other evidence not being admissible. It is, therefore, necessary that he return specially the manner in which he has executed his precept, that the facts may become matter of record. In the return on the execution under which the demandants claim title, it is certified that the officer appointed two of the appraisers, the debtor neglecting to choose; but the return does not show that he was notified or had any opportunity to choose, or that he was not living in the county at the time of the levy. It does not, therefore, appear that the debtor had the option given him by law, or that the duty of choosing an appraiser in his behalf devolved upon the officer.

We are of opinion that the ruling of the judge, at the trial, was

correct. The case of *Wellington v. Gale*, 13 *Mass.* 483, is an authority directly in point. The demandants, however, now move for leave for the officer to amend his return.

It is true this court has permitted returns to be amended or completed, where no one would be affected by such amendment except the parties in the original suit. As in the case of *Howard v. Turner*, in *Lincoln* county, *May* term, 1829, the magistrate, who administered the oath to the appraisers, was allowed to add his official title to his signature, it not appearing in the original return that he was a justice of the peace. So in *Buck v. Hardy* in *Penobscot* county, an amendment somewhat similar to the one now moved for was allowed ; but in each of these cases the suit pending was between the original parties, and it clearly appeared that no conveyance had been made of the property on which the amended return would operate, and that no one would be affected by such amendment except the parties to the pending suit. This we think is the extent to which we can go. To permit the officer, after he is out of office, and at a distance, in time, of nearly eight years subsequent to the transaction, to make, from memory, a material addition to his return, of a fact which, from its nature, could not be disproved if untrue, whereby the rights of a *bona fide* purchaser without notice are to be wholly defeated, would be a laxity in practice too unsafe to be permitted. As observed by the court in *Thatcher v. Miller*, 13 *Mass.* 271—" For an officer to undertake, six years after a defective return, to know with certainty the performance of a particular duty, when he is daily and hourly performing similar duties on different persons, is more than can be expected of men, however strong their memory. In the cases cited, where amendments have been permitted, there was something on the record, by which the correction could be made ; and in such cases there can be no difficulty." Such was the case of *Morse v. Dewey*, cited by defendant's counsel. A judgment was recovered against *Baldwin, Wright* and *Rowley*, and an execution, issued upon the judgment, was extended upon the land of *Wright*. In the execution the judgment was well described, but the sheriff was commanded, that of the goods, &c. of *Baldwin* (omitting the names of *Wright* and *Rowley*) he cause to

be paid, &c.   The omission, being a misprision of the clerk, an officer of the court, in issuing a judicial writ, was clearly amendable by other parts of the record.   Of the like character were the cases of *Sawyer v. Baker* and *Williams v. Rogers.*

As the demandants' title, if they have any, was acquired by operation of law, and not by the act of the parties, there must be a strict compliance with all the requisites of the law, or no title passed.  But the statute requires that the execution and doings thereon shall be recorded in the registry of deeds.   What if the officer should be permitted to amend his return, and should certify that the judgment debtor was duly notified?   The return, to have validity against a subsequent *bona fide* purchaser, for a valuable consideration, without notice, must be recorded in the registry of deeds in the county where the land lies, within three months after the levy.   Can this court require the register to alter his record?   It was a correct and true record when made, but from the defective character of the instrument recorded, it gave no title to the creditor; and if the register does his duty, he will record the amended return as entered of this date ; and that, however perfect it may be, can give no title as against the tenant, he being a subsequent purchaser ; for the statute says the " same shall be recorded within three months."   Surely it can give no title from the date of the levy.   But to avail the demandant the return must not only be made valid now, but rendered so by relation from the time when the extent was made, and thereby ride over the tenant's title derived from the judgment debtor by deed duly executed for a valuable consideration, and for ought that appears in the case, without any knowledge of the demandant's previous attachment.   The demandants, through either their own or their officer's neglect, have failed to perfect their title.   The tenant's title is perfect, being by deed duly executed.   Under such circumstances which of these litigants does the law favour?   *Vigilantibus non dormientibus subvenit lex.*

*The nonsuit must stand.*