*Longfellow,* for the respondents.

---

## BOODY *vs.* YORK.

Where, in the extent of an execution, the appraisers deducted one third part of the actual value of the premises, for the possibility of dower existing in the debtor's wife ; it was held that this was an error, which, if it appeared in the return, would vitiate the extent ; but that parol evidence could not be received to show the fact.

IN this case, which was a writ of entry on the seisin of the demandant, his title was derived from the extent of an execution against the present tenant. The proceedings of the officer and the appraisers appeared in the usual form. The tenant offered to prove by the parol testimony of two of the appraisers, that in estimating the value of the land they deducted the value of the debtor's wife's possibility or right of dower, setting off to the creditor the worth of such supposed incumbrance by one third more land ; the land being actually worth from eight hundred to a thousand dollars, but appraised at only six hundred and sixty two dollars, on that account.

This evidence the Chief Justice rejected, but saved the point for the consideration of the Court, the tenant being defaulted.

*Fessenden & Deblois,* for the plaintiff.

*Greenleaf* and *McArthur,* for the tenant.

WESTON J. delivered the opinion of the Court;

In the case of *Barnard v. Fisher,* 7 *Mass.* 71, the error into which the appraisers fell, appeared in the appraisement under their

Boody *v.* York.

hands, upon the face of the proceedings returned. What might have been the effect of the objection raised in this case, if it had appeared by the same evidence, it is unnecessary to determine. The appraisers manifestly overrated the value of the incumbrance, even if the right of dower had then accrued, upon any just principles of calculation. But it would be dangerous to suffer a title, apparently perfected by an observance of the forms of law, to be affected by parol evidence of this sort. If admitted, no one would be safe in purchasing such a title. There might besides be great danger of fraud and perjury. Parol evidence is inadmissible to uphold a title, arising from a levy upon land, where the return has been defective in some particulars, susceptible of being proved by parol ; because every thing essential to such a title must appear of record. *Ladd v. Blunt,* 4 *Mass.* 402 ; *Wellington v. Gale,* 13 *Mass.* 483.

An appraisement may not be a just estimate of the value of the property, either from a misapprehension of facts, or an error of judgment, on the part of the appraisers. If this operates against the creditor, and is seasonably discovered, he may refuse to accept seisin, in which case the land remains the property of the debtor, and the judgment is unsatisfied. *Ladd v. Blunt,* before cited. If the land is undervalued, the debtor has a year within which to redeem ; which is a much less exceptionable mode of correcting an error to his prejudice, than that now sought to be enforced.

The opinion of the court is, that the evidence offered at the trial, was properly rejected.

*Judgment for the demandant.*