# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTIES OF PLYMOUTH, BARNSTABLE, BRISTOl AND DUKES-COUNTY, OCTOBER TERM 1836, AT TAUNTON.

PRESENT :

Hon. LEMUEL SHAW, Chief Justice,
Hon. SAMUEL PUTNAM, }
Hon. SAMUEL S. WILDE, } Justices.
Hon. MARCUS MORTON, }

---

### Thomas Chamberlain *versus* Susannah Dott et al.

The extent of an execution upon an estate for life, is not rendered invalid by the circumstance, that the reversioner acted as one of the appraisers.

Where an execution was extended upon real estate, and the certificate of the appraisers and the return of the officer, indorsed on the execution, recited, that the appraisers were " duly sworn," but it did not appear from such certificate and return, that they were sworn before any justice of the peace, it was *held*, that the extent was invalid.

This was a complaint instituted under *St.* 1825, *c.* 89, to recover possession of certain real estate.

*Marston*, for the complainant.                                    *Oct 25th*

*Miller*, for the respondents.

Shaw C. J. delivered the opinion of the Court. The    *Oct. 28th* question is upon the validity of the levy of the complainant's execution.

Chamberlain
v.
Doty.

The first exception is, that the estate levied upon was a life estate, and it is alleged that one of the appraisers was tenant of the estate in reversion. This exception cannot be sustained. He had no interest in diminishing or enhancing the estimated value of the life estate, which was wholly independent of the reversion ; he had no more interest in purchasing in the life estate than any other freeholder ; nor would a false appraisment aid him in such purchase.

The other exception, however, is fatal to the levy. Where, according to the usual practice, the certificate of the magistrate who administered the oath, and that of the appraisers who made the appraisement, are indorsed on the execution, courts have gone very far, in considering these certificates in connexion with the officer's return, and as aiding any defects in the return itself. *Williams* v. *Amory,* 14 Mass. R. 28. But it nowhere appears in the present case, either from the officer's return or from the accompanying certificates, that the appraisers were sworn before any justice of the peace or magistrate. Both in the certificate of the appraisers, and the return of the officer, it is simply recited, that they were first " duly sworn." The Court are all of opinion, that upon the current of authorities, this is not sufficient to show a compliance with the requirements of the statute, and to pass the estate by force of the levy. *Davis* v. *Maynard,* 9 Mass. R. 242 ; *Wellington* v. *Gale,* 13 Mass. R. 483 ; *Howard* v. *Turner,* 6 Greenleaf, 106.

*Complainant nonsuit*