## Thomas D. Park *vs.* William Johnston & others.

A citation, issued under *St* 1844, *c.* 154, to a creditor, to attend at the examination of a debtor, arrested on mesne process at his suit, and desirous to take the poor debtor's oath, must be served on the creditor at least twenty four hours before the time appointed for the examination, adding one hour for travel for each mile from the place of service to the place appointed for the examination; and an officer's return stating that he served the citation on the creditor on a certain day, without specifying the hour, when in fact the notice was sufficient if served before, but not if served after, a certain hour on that day, is not sufficient evidence that the citation was duly served.

In this case, which was argued by *H. C. Hutchins,* for the plaintiff, and *G. Minot,* for the defendants, the facts are stated in the opinion, which was delivered at March term, 1852.

Bigelow, J. This is an action of debt on a bond given for the prison limits; and the breach relied on is, that the debtor did not surrender himself to the jailer, at the end of ninety days, to be held in close confinement. The defendants rely for their defence upon the ground, that the condition of the bond has been otherwise fulfilled, to wit, by the due discharge of the debtor, by taking the oath prescribed by law for

the relief of poor debtors committed on execution for debt. To maintain this defence, they produce the record of certain proceedings, under which the debtor was admitted by two magistrates to take said oath before the expiration of ninety days from his commitment. The plaintiff, on the other hand, contends that the discharge thus granted to the debtor was invalid, because it does not appear by the record, that the creditor was duly cited to attend at the time and place appointed for the examination of the debtor.

It is well settled by a series of decisions of this court, that in cases arising under the statutes for the relief of poor debtors, the jurisdiction of the magistrates, and their authority to administer the oath and grant a discharge to the debtor, depend upon a compliance with the preliminary requisites of the statute, in regard to the notice to the creditor and its due service on him. *Putnam* v. *Longley*, 11 Pick. 487; *Slasson* v. *Brown*, 20 Pick. 436; *Dunham* v. *Burlingame*, 2 Met. 271.

By the statute of 1844, *c.* 154, § 3, it is provided that the creditor shall be allowed, after the service of the citation upon him " in all cases, not less than twenty four hours, before the time appointed for the examination, also allowing time for his travel from the place of service to the place appointed for the examination, after being so notified, not less than at the rate of one day for every twenty four miles travel." In the case at bar, it is agreed that the creditor resided at South Boston, at which place the citation was served upon him, and that the distance thence to Salem, the place appointed for the examination, is fifteen miles. The time for the examination of the debtor was fixed on the 29th of September at nine o'clock in the forenoon, and the citation was served on the creditor, as appears by the officer's return, on the 27th of September; but it does not appear, either by the officer's return or otherwise, at what hour of the day on the 27th the service was made.

Upon this state of facts, the first question raised by the parties in this suit is, as to the true construction of the statute in regard to the time required for the service of the citation before the time fixed for the examination of the debtor. On the

part of the defendant it is contended, that twenty four hours' notice is sufficient, and that the time allowed for travel is not to be added to the twenty four hours prescribed in all cases, but is to be reckoned as running contemporaneously with them. It is scarcely necessary to say, that this construction is inconsistent with the language and intent of the statute.   It is very clear, that the  person notified, whether  near or  remote, is,  in all cases, to have twenty four hours' notice before the time when his attendance is required; and, if it is necessary for him to travel to the place of attendance, he is to be allowed, in addition, for that purpose, not less than at the rate of one day for every twenty four miles' travel, or one hour for every mile to be travelled by him.   If it were not so, a creditor having twenty four miles to travel would be entitled to no longer notice, than one who had no distance to travel.   In this case, therefore, the plaintiff was entitled to fifteen hours' notice in addition to the twenty four, or thirty nine hours in all, of the time and place appointed for the examination.    *City Bank at Providence* v. *Fullerton,* 11  Met.  73.   By the provisions of the  statute, the  time  and  distance  are measured  by hours; and therefore fractions of a day are to be computed in ascertaining whether  the  requisite notice has  been  given.

As  has  been  already stated, there was  no  evidence before the magistrates, nor is there any before this court, of the precise time which elapsed between the service of the citation and the time fixed for the examination.   The only evidence on  this  point is the officer's return, by which nothing further appears than that the service was made on the 27th of September, the hour of service being omitted.   It is doubtful whether any evidence would be admissible to show the exact time of service, except the officer's return.   The act of 1844, *c.* 154, § 2, requires that the citation should be served and returned by an officer authorized to serve civil process.    *Wellington* v. *Gale,* 13  Mass.  483, 488;  *Leach* v. *Hill,* 3  Met. 173. The most proper method of showing the time of service, when it does not appear on the face of the original return, would be to have the return amended by the officer.   In the present case, however, it does not appear by the return on the

citation, nor in the agreed statement of facts, that the creditor was duly cited. The creditor being entitled to thirty nine hours' notice, a notice served on him on the 27th of September, to appear on the 29th at nine o'clock in the forenoon, might or might not be seasonable and sufficient according as it was served before or after a certain hour on the 27th. If before six in the afternoon of that day, it would be sufficient; if after that hour, it would be insufficient. To make the officer's return complete and satisfactory evidence in this case, therefore, of due notice to the creditor, it was as essential to state the hour as it was to name the day of the service, because both were necessary to show a timely service; and without such statement, it is left doubtful whether the creditor was duly cited. To give jurisdiction to the magistrates, and render the debtor's discharge by them valid, sufficient should be made to appear to show that the preliminary requisites of the statute have been complied with. As this does not appear in the present case, the defendants fail in their defence to this action, because they do not show a due discharge of the debtor.     *Judgment for the plaintiff.*