GEORGE MUNROE *vs.* HARUM MERRILL.

An officer who arrests a debtor on execution, and afterwards discharges him upon his exhibiting a writ of protection, and returns the execution unsatisfied, without stating the arrest in his return, cannot justify under the execution, if sued by the debtor for the arrest.

ACTION OF TORT for a wrongful arrest and false imprison‑ment of the plaintiff. The defendant, in his answer, admitted the arrest and imprisonment, but alleged in justification that he thus arrested and imprisoned the plaintiff by virtue of legal process; and on that allegation the plaintiff, in his replication, took issue.

At the trial in the court of common pleas, before *Bishop*, J., there was evidence tending to show that the defendant was a constable, and had in his hands, at the time of the arrest, an unsatisfied execution against the plaintiff, and made the arrest thereon. The execution was produced, with this return thereon, signed by the defendant: " By virtue of the within execution

I have made diligent search for the goods, chattels and lands of the within named George Munroe, but could find none in any precinct, whereupon I might levy and satisfy this execution. I therefore, by direction of the plaintiff's attorney, return this in no part satisfied." By a memorandum on the execution, it appeared that, by request, the execution had been renewed, and a *pluries* issued to the creditor.

The defendant offered evidence tending to prove that, at the time of the arrest, the plaintiff informed him that he had a writ of protection; that he went with the plaintiff to the clerk's office to find it, but could find none; that, on further search, the plaintiff found among his papers one that he relied upon as a writ of protection, and claimed his discharge, and that the defendant, after examining it, discharged him. There was no other evidence of any writ of protection.

The plaintiff objected, that the defendant, upon this evidence, had failed to make out his defence; and requested the judge to instruct the jury "that, as the answer admitted the arrest, and justified under legal process, the defendant could only maintain such justification by return of the process, setting forth the arrest, and the discharge of the prisoner under a claim of a writ of protection." But the judge refused so to instruct, the jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*G. H. Kingsbury*, for the plaintiff.

*O. Stevens*, for the defendant. No objection having been taken, at the trial, to the competency of the evidence, there was sufficient evidence to warrant a verdict for the defendant, and the plaintiff's objection comes too late. *Spaulding* v. *Alford*, 1 Pick. 33. *Slater* v. *Rawson*, 1 Met. 458.

In an action against an officer, evidence is sometimes admissible to contradict his return, and always to explain it, or to show additional facts not inconsistent with the return. *Boynton* v. *Willard*, 10 Pick. 169. *Hovey* v. *Lovell*, 9 Pick. 68. *Townsend* v. *Newell*, 14 Pick. 332. *Clark* v. *Foxcroft*, 6 Greenl. 299. *Caldwells* v. *Harlan*, 3 T. B. Monr. 349. Gwynne on Sheriffs, 476. The evidence admitted here was only of such additional

facts. The officer may well have doubted whether what he did constituted an arrest, and whether he should set forth all the facts. By omitting to set them all forth in his return, he loses the benefit of that *prima facie* evidence in his favor, and runs the risk of being unable to prove them; but no rule of law is violated by admitting other evidence of them.

SHAW, C. J. The court are of opinion that where, as in the present case, an officer admits the arrest, and places his justification solely on the ground of his official capacity and his acting under legal process, he is bound to set forth, in his return, the facts necessary to establish such justification, and that he cannot resort to evidence *aliunde*, especially where it would vary from or contradict his return. *Gardner* v. *Hosmer*, 6 Mass. 325. *Purrington* v. *Loring*, 7 Mass. 388. *Davis* v. *Maynard*, 9 Mass. 247. *Wellington* v. *Gale*, 13 Mass. 483.

Had the defendant, at the time of the alleged arrest, gone to the plaintiff, and made known his business, and the plaintiff had given him notice of a writ of protection, and gone with him to a place designated to search for it, and exhibited to the officer a paper, claiming that it was a valid writ of protection, and thereupon, without more, the officer had permitted him to go at large, the case perhaps might have admitted of a different answer, denying the arrest, and leaving the burden of proof on the plaintiff. But the issue, as it stands, requires the officer to justify under legal process, and, for this purpose, he must not only prove that he had an execution and acted under it; but it is essential to his justification, that he has returned his execution, with his doings, by which they are made matter of record, for the information and security of all parties interested.

The debtor had an interest in such return, because, when arrested, if he did not claim exemption under a writ of protection, such an arrest would discharge him from further liability on the execution. The creditor had an interest, because, although the debtor was arrested, if he claimed and obtained his release under a writ of protection, such arrest would be no bar to further service of the execution.

We think the rule, that an officer, to justify himself, must

make a true return of his doings, is well established by authority, and is reasonable and well founded in principle. It is a high power, conferred and regulated by law, and the rules of law, in its execution, must be strictly pursued. It is a rule which an officer may easily comply with ; he has only to take care always to conform to the truth in his return ; and if a true statement of his doings will justify him, he is safe. The rule may sometimes operate as a hardship, by excluding the truth in a particular case ; but, as a general rule, it is useful and beneficial.

Nothing here said is intended to prevent the officer, before a new trial is had, from applying to the court to which the execution was returned, for leave to amend his return according to the truth, if he can do so, and that court see just cause for allowing it.                                *Exceptions sustained.*