CASE 8—PETITION ORDINARY—DECEMBER 11.

# Finnell vs. Cox.

APPEAL FROM FRANKLIN CIRCUIT COURT.

Payee and indorser of a bill of exchange, for whose accommodation the bill was accepted, is not a competent witness for the accommodation acceptor in a suit against such acceptor by the holder of the bill. His liability to the defendant for whatever

costs the latter may be subjected to in case he fails to establish his defense, is a dis. qualifying interest, and renders the witness incompetent.

*Section* 670 *of the Civil Code* excludes all *persons,* whether parties to the action or not, who have an interest in the issue, from testifying in favor of that interest, without regard to the amount, except in the cases specially provided for in some of the succeeding sections.

JOHN M. HARLAN and JOHN RODMAN, for appellant, cited *Civil Code, sec.* 670 ; *Smith's Leading Cases, Law Library, vol.* 44, *page* 87 ; 16 *Johns.,* 72 ; 1 *Hill,* 131 ; 9 *Serg. and Rawle,* 229 ; 9 *Watts,* 144 ; 11 *Peters,* 95 ; 7 *Cranch,* 200 ; 5 *Mon.,* 268 ; 7 *B. Mon.,* 226 ; 24 *Ala.,* 378 ; 2 *Hill,* 3 ; 6 *Peters,* 59.

G. W. CRADDOCK, for appellee, cited 18 *B. Mon.,* 128 ; 21 *Pick.,* 327 ; 9 *Mass. Rep.,* 55.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

Finnell, as commissioner of the Kentucky Trust Company Bank, brought this action against T. M. Cox as the acceptor of a bill of exchange for $2,500, drawn by R. Cox, in favor of Raper, Cox & Co., alleging that after the acceptance, and before the maturity of the bill, it was sold and indorsed by the payees, Raper, Cox & Co., to the bank.

The defendant, in his answer, alleges that he accepted the bill for the accommodation of the payees, who, at the time, were indebted to the Lafayette Bank of Cincinnati, and the object was to enable the payees, Raper, Cox & Co., to raise the money for the payment of that debt; that the bill in question was presented to the Kentucky Trust Company Bank, which refused to discount it, and the payees thereupon notified the bank not to discount the bill, but to deliver it to the defendant; that Raper, Cox & Co, failed in business, and on the day of their failure, or the day afterwards, the bill was, without authority, and in violation of orders to the contrary, entered upon the books of the bank as having been discounted; that this was done by J. W. Messick, the cashier, and the proceeds of the discount fraudulently applied by him to his own use, such proceeds never having been checked out, or otherwise disposed of by the direction or consent of the payees.

Upon the trial, the defendant offered to read the deposition of Raper, a member of the firm of Raper, Cox & Co., and one

of the payees and indorsers of the bill. This witness proved substantially the matters of defense set up in the answer. His deposition was excepted to by the plaintiff, on the ground that, without a release, he was incompetent to testify on the part of the defendant, by reason of his interest in the issue. The court below permitted the deposition to be read, and the plaintiff excepted. The propriety of this decision is the first and principal question to be determined.

It is alleged, and the fact is no where controverted, that the defendant accepted the bill for the mere accommodation of Raper, Cox & Co. As between the defendant and Raper, therefore, the relation of surety and principal was created by the transaction, and such relation subsisted at the time the latter was called to testify on behalf of the former. Had the witness, then, such an interest in the issue made by the pleadings as to render him incompetent?

As it respects the amount for which the bill was drawn, it is manifest that in the event of the defendant's success in the action, the witness would have been still liable to the holder of the bill, and if the plaintiff had succeeded, he would have been liable to the defendant, who was, in legal effect, his surety for the amount recovered, and thus far his interest was equiponderant between the parties. But would he not have been further liable to the defendant, in case the latter had been held liable upon the bill, for the costs of the action as well as for the debt, and did not his interest preponderate, to that extent, in favor of the party on whose behalf he was called to testify? It seems to us that upon this point the authorities leave no room for doubt.

In the case of *Hunter vs. Gatewood*, (5 *Mon.*, 269,) the precise question was whether Gwathmey, the principal, was a competent witness for Hunter, his surety, in a bond executed by them jointly, to Gatewood, and it was held that the deposition of Gwathmey was properly rejected, on the ground that his liability to Hunter for whatever costs the latter may have been subjected to in case he failed to establish his defense, was a disqualifying interest, and rendered the witness incompetent. In support of this conclusion the court refer to the case of

*Riddle vs. Moss*, (7 *Cranch*, 206,) in which the same question was expressly decided.    The point again was made in the more recent case of *Kelly vs. Lank*, (7 *B. Mon.*, *page* 226,) and the same principle adhered to.

It is hardly necessary to remark that the fact that the question in this case arises upon a bill of exchange instead of a note or bond, does not at all affect the application of the principle on which the decisions referred to rest.   Nor is the principle in any degree modified by the rules of evidence laid down in the *Civil Code*, *section* 670, which declare incompetent to testify *"persons interested in the issue* in behalf of themselves, and parties to an issue in behalf of themselves or those united with them in the issue."

The effect of this provision is, obviously, to exclude all *persons*, whether parties to the action or not, who have an interest in the issue, from testifying in favor of that interest, without regard to the amount, except in the cases specially provided for in some of the succeeding sections.

2. The plaintiff asked an instruction to the effect that, although the payees of the bill did notify the cashier of the bank not to have it discounted, such notice was insufficient to release the defendant provided the jury should believe that the bill was, *in good faith*, discounted by the bank.   We deem it only necessary to remark, that upon the facts appearing in the record, this instruction was properly refused.

But for the error mentioned the judgment is reversed, and the cause remanded for a new trial and further proceedings in conformity with this opinion.