JESSE BUCKNAM & another *vs.* BARNABAS LOTHROP.

Although the return of an officer upon an execution describes a levy upon land as having been made on the day when the land was taken, interest upon the judgment is to be computed to the time when the levy was completed; and the oath and certificate of the appraisers, annexed to the return, may be taken as evidence of the time when the levy was completed.

If there is a discrepancy between the statement, by appraisers of land taken on execution, of their fees, and the statement thereof by the officer, the latter is to be taken as correct.

WRIT OF ENTRY. Plea, *nul disseisin.*

At the trial in the superior court, before *Russell*, J., without a jury, it appeared that on the 3d of January 1855 the demandants obtained a judgment against the tenant for $297, damages, and costs of suit, including the cost of the execution, $15.55, and took out execution, and caused it to be levied upon certain personal property, and upon the tenant's undivided sixth part of land in reversion, subject to a life estate. The personal estate realized the sum of $36.55, which appeared by the return of the officer who made the levy thereon to have been received on the 15th of February 1855. The return of the officer who made the levy upon the real estate showed that it was seized on the 29th of January 1855, and appraised at $300, which was the amount due upon the execution, with fees and charges, and that he accordingly on that day levied the execution upon the said real estate and set off the same by metes and bounds, &c. The officer stated various items of fees, amounting in the aggregate to $21.13, one item of which was $6.24, for the appraisers. The certificate by the appraisers of their appraisement, annexed to and referred to in the officer's return, was dated February 24, 1855, and appended to it was the following statement: " Fees, one day each, and travel, $3.12."

The tenant contended that, upon the face of the execution and the return of the officer thereon, the levy was invalid; but the judge overruled the objection, and found for the demandants. The tenant alleged exceptions.

*E. Ames*, for the tenant It appears by the return that the

levy was completed on the 29th of January, and that the ap praisement was not made till twenty-six days afterwards. Even if the interest is to be computed to February 24th, the sum due on the execution, with fees and charges as taxed by the officer, would not amount to $300. But the officer's charge for the appraisers was too much, as is shown by their own certificate of their fees. The levy was therefore void. *McGregor* v. *Williams*, 10 Cush. 526.

*N. C. Berry*, for the demandants.

METCALF, J. By the Rev. Sts. *c.* 73, §§ 22, 23, on which this case is to be decided, the levy of an execution on real estate " shall be considered as made at the time when the land is taken ; " and the officer is required, in his return or certificate of his doings, indorsed on the execution, to set forth " the time when the premises were taken in execution," and also various proceedings in completion of the levy. In the present case, the return of the officer states that he seized the real estate on the 29th of January 1855, and caused three disinterested and discreet men to be appointed and sworn as appraisers thereof, and that they appraised it at the sum of three hundred dollars, and set it off, by metes and bounds, to the execution creditors, to hold to them, their heirs and assigns, forever. Annexed to the return, and as a part thereof, are the oath of the appraisers, administered by the officer, as authorized by *St.* 1852, *c.* 1, § 3, and also the appraisers' certificate of their doings. This oath and this certificate bear date February 24th 1855. That, therefore, is to be taken as the day when the levy was completed. But, by the express terms of the statute, it is to be considered as made on the 29th of the preceding January. When completed, it operated, by relation, from the time of the seizure. *Hall* v. *Crocker*, 3 Met. 245. *Hall* v. *Hoxie*, Ib. 251.

It was right in the officer to compute interest on the amount of the execution from the day of the rendition of judgment to the day when the levy was completed. *Taylor* v. *Robinson*, 2 Allen, 562. *Parker* v. *Osgood*, 3 Allen, 487. And we cannot find that, on such computation, accurately made, he committed any error in levying the execution on the whole land, appraised

at three hundred dollars, in satisfaction thereof and of his own fees. The fees of the appraisers must be held to be those which the officer taxed, and not those which they put down in their certificate. *Exceptions overruled.*