WILLARD P. WHITTEMORE *vs.* CLARENCE G. SWAIN.

SAME *vs.* BERT E. HOLLAND, trustee.

CLARENCE G. SWAIN *vs.* SAME & others.

Suffolk.    December 9, 10, 1907. — February 29, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Attachment.    Execution.    Partition.    Statute.*

The provision of R. L. c. 184, § 30, that, in case of a partition of land, a lien upon the share of a part owner " shall remain in full force upon the part assigned to or left for such part owner," indicates the nature of the estate upon which the lien shall be chargeable, but does not change the nature of the lien or extend the time within which an attachment lien must be enforced after judgment.

A creditor of one, who owned an undivided interest in common in certain real estate, attached such interest upon mesne process in March, 1903. In July, 1903, a petition for partition of the land was filed in the Probate Court, commissioners were appointed, and on May 25, 1905, a sale was made by the commissioners in accordance with a decree of the Probate Court. On May 31, 1905, the creditor gave to the commissioners notice in writing of his attachment. On June 9, 1905, the creditor obtained a judgment in the action in which he had made the attachment, and execution was issued on June 21, 1905, whereupon his attorney at once showed the execution to one of the commissioners who were holding that portion of the funds which represented the share of the judgment debtor. The creditor's attorney was neither a sheriff, a deputy sheriff nor a constable. In August, 1905, the execution was returned to court, never having been in the hands of an officer. On February 8, 1906, the judgment creditor filed a petition in the Probate Court seeking to have the judgment satisfied out of funds in the hands of the commissioners. *Held,* that the petition must be dismissed, since the judgment lien was lost because the creditor did not proceed to enforce it by proper proceedings in court within thirty days after the date of the judgment.

PETITION, filed in the Probate Court for the county of Suffolk February 8, 1906, to reach and apply in satisfaction of an execution of the petitioner against one Bullock funds alleged to be in the hands of commissioners who had, on a decree of partition, sold land in which Bullock had a part interest, the petitioner alleging that he had made an attachment of Bullock's interest in the land before he procured the judgment upon which the execution issued ; also a

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk May 22, 1906, by a creditor of Bullock to establish a lien upon the same fund.

In the Probate Court, _McKim_, J., entered a decree granting the petition, and Swain, the plaintiff in the bill in equity, and the trustee in bankruptcy of Bullock, appealed. The two appeals and the bill in equity were heard together in this court by _Rugg_, J., who entered a decree reversing the decree of the Probate Court, directing the petition therein to be dismissed, ordering payment of Mr. Swain's claim first out of the fund held as the proceeds of the sale of Bullock's interest, and making distribution of the balance. Whittemore alone appealed.

Other facts are stated in the opinion.

_J. F. Cronan_, for Whittemore.

_A. L. Taylor_, for Swain.

_B. E. Holland_, trustee, _pro se._

HAMMOND, J. The first two cases are appeals, the one by Swain and the other by Holland, both from the same decree of the Probate Court. The third case is a bill in equity by Swain, filed in this court for the county of Suffolk. The cases were heard together by a justice of this court. In the cases on appeal from the Probate Court, the only question was whether Whittemore was entitled to be paid a certain sum out of the proceeds of the sale of certain real estate, the decree of the Probate Court being in his favor. In the bill in equity, this and other questions were involved in the hearing before the single justice, and the final decree passed upon all the questions. In the cases from the Probate Court, the single justice reversed the decree of that court, and in the equity suit the final decree was adverse to Whittemore. The cases are before us upon appeals by Whittemore from each of the decrees of the single justice.

They raise but one question, and that is, whether Whittemore, who had attached certain land in a suit in which he recovered judgment, is entitled to have the judgment satisfied out of the proceeds of the land which, pending the suit, had been sold.

The material facts may be stated as follows: One Bullock inherited from his mother an undivided interest in certain real estate. On March 6, 1903, Whittemore, in a suit against him, made a valid attachment of his interest in this land, and on June 9, 1905, recovered judgment for nearly $600; and on

June 21, 1905, execution was issued.  On July 9, 1903, upon proceedings for partition in the Probate Court, commissioners were appointed.  On May 25, 1905, in accordance with a decree of that court, they sold the real estate at public auction, delivering the deeds on June 8, 1905; and, having some doubt as to whom the part of the proceeds representing Bullock's interest should be paid, they brought the same into court, by whose order, made on April 26, 1906, this part of the proceeds was duly deposited to await a decision upon that question.

On May 31, 1905, which was a few days before the delivery of the deeds, and also before the judgment, Whittemore gave written notice to the commissioners " of . . . [his] attachment and to pay no money to Bullock until the debt secured by said attachment was paid"; and on the day of receiving the execution, June 21, 1905, or very soon thereafter, the attorney for Whittemore showed the execution to Swain, the attorney for Bullock.  Swain said he had no money belonging to Bullock, and referred him to the commissioners.  Whereupon Whittemore's attorney gave to one of the commissioners notice of the execution.  The commissioner replied that he would call the attention of his colleagues to the matter, but that they " would probably pay the money into court for their own protection "; which, in accordance with a decree passed as above stated, they subsequently did.  The attorney who made these demands was neither a sheriff, deputy sheriff nor a constable.  On August 19, 1905, the execution was returned into court with a statement indorsed thereon, signed by Whittemore's attorney, that the execution never had been in the hands of an officer and was wholly unsatisfied.  An alias execution was taken out on January 3, 1906, but no proceedings were had thereon.  On February 8, 1906, more than six months after judgment, Whittemore filed in the Probate Court a petition reciting the proceedings he had taken and asking that his judgment be satisfied out of the proceeds of the land.  The petition was opposed by one Morse, a second mortgagee, and by the trustee in bankruptcy of Bullock.

It is evident that Whittemore must stand upon his original attachment; and the precise question is whether his rights of an attaching creditor have been preserved.  In case there had been

no sale of Bullock's interest, Whittemore could have levied upon it as real estate, but he must have seized it on his execution within thirty days after judgment. If he failed to do that, his lien was gone. It is urged by him that under R. L. c. 184, § 30, which provides that.in case of a partition "a person having a mortgage, attachment or other lien on the share of a part owner shall be concluded by the judgment, so far as it relates to the partition and the assignment of the shares; but his lien shall remain in full force upon the part assigned to or left for such part owner," the lien continues notwithstanding the partition, for at least a reasonable time. This position is utterly untenable. This section was passed not for the purpose of changing the nature of the lien, but to indicate the nature of the estate upon which it shall be chargeable. Before partition it is chargeable upon the undivided interest of the judgment debtor; after partition upon his interest in severalty. It has no bearing whatever upon the nature of the lien. The lien of an attaching creditor is gone unless within thirty days after judgment the land be seized on execution; and if in this case the land had been divided instead of sold, the lien would have been lost unless the part of the land held in severalty by Bullock had been thus seized. We have then the simple case of a lien upon real estate which has been sold by order of court. The judgment creditor cannot levy upon the real estate, but, if he has given proper notice of his claim (where notice is needed) to those who hold the proceeds, he may enforce his lien against the money by a bill in equity, and possibly by some other similar proceeding. But, as, in the case of the lien on the land, he must proceed to levy within thirty days after judgment, so in the case of a sale of the land he must within the same time and by the proper proceedings in court proceed to enforce his claim against the proceeds. A mere notice to the person holding the proceeds that the debt exists and that payment is demanded is not enough. R. L. c. 167, § 55. *Gardner* v. *Barnes*, 106 Mass. 505. *Hardy* v. *Safford*, 132 Mass. 332. *Wiggin* v. *Heywood*, 118 Mass. 514. *Judge* v. *Herbert*, 124 Mass. 330. *Western Union Telegraph Co.* v. *Caldwell*, 141 Mass. 489.

In each case the order must be

                                        *Decree affirmed.*