HAROLD J. QUINLAN *vs.* WARREN C. WEEKS & others.

Suffolk.   March 9, 1955. — April 5, 1955.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Execution*, Sale.  *Officer.  Notice.  Tenants by the Entirety.  Real Property*, Tenancy by the entirety.

On a writ of entry to recover premises sold to the demandant in an execution sale, a recital in the sheriff's return that the notice of sale had stated the date thereof as Saturday, June 27, when it was actually held, was conclusive as against a contention by the tenant that the sale was invalid in that the notice given him stated that the sale would be held on Saturday, June 30, there being no such date.

A tenant defending a writ of entry to recover premises sold to the demandant on execution sale was not harmed by an error in the sheriff's return in stating the place of giving notice of the sale to the tenant in hand, where the tenant was present at the sale.

The demandant in a writ of entry to recover premises which had been held by husband and wife as tenants by the entirety and had been sold to the demandant in an execution sale on an execution obtained against the husband was rightly granted judgment for possession and for the title which the husband had at the date of the writ, that is, a life estate for the joint lives of him and his wife, with a remainder in fee if he should survive his wife.

The purchaser at an execution sale of real estate was entitled to rely on the sheriff's return showing proper notice of the sale, notwithstanding that the purchaser was present at the sale when the judgment debtor "openly protested the validity of the sale" for want of proper notice.

WRIT OF ENTRY in the Land Court dated August 12, 1953. The case was heard by *Fenton*, J.

In this court the case was submitted on briefs.

*Jacob Friedberg*, for the tenants.

*William E. McKendall* for the demandant.

LUMMUS, J.  This is a writ of entry begun on August 12, 1953, against Warren C. Weeks and his wife, to recover a house and land in Wellesley.  On April 23, 1954, the writ was amended to add as a tenant Mary F. Burbank, to whom

on September 3, 1953, the original tenants had conveyed the house and land.

The judge found facts as follows. Weeks and his wife owned the house and land at 7 Maurice Road in Wellesley, as tenants by the entirety. On a judgment and execution obtained in the Superior Court against Warren C. Weeks in Suffolk County, a deputy sheriff on May 6, 1953, levied upon the premises in question, and ultimately sold them to the demandant Harold J. Quinlan, who paid $6,020.51, and received a deed on July 7, 1953, which was duly recorded on July 24, 1953.

The tenants contend that the notice of the sheriff's sale given to the tenant Warren C. Weeks was invalid because it recites that the sheriff's sale was to be held on Saturday, June 30, 1953, and there was no such date. The officer's return showed that the date of sale as stated in the notice and as actually held was Saturday, June 27, 1953. The return of the officer was conclusive. *Baker* v. *Baker*, 125 Mass. 7. *Blake* v. *Rogers*, 210 Mass. 588. If the return was false, the remedy is by action against the officer. *Allison* v. *Donovan*, 244 Mass. 233, 236.

The tenants contend that the officer's return recites that the notice in writing of the time and place of sale was given in hand to Warren C. Weeks at 77 Morris Road when in fact his address was 7 Maurice Road. But he was not harmed by the error, because he was actually present at the sale.

The demandant was rightly granted judgment for possession and for the title which the tenant Warren C. Weeks had at the date of the writ, August 12, 1953, namely, a life estate for the joint lives of himself and his wife, with a remainder in fee in case he shall survive his wife. *Barrell* v. *Britton*, 258 Mass. 383, 388. *Raptes* v. *Pappas*, 259 Mass. 37, 38–39.

Various requests for rulings presented by the tenants remain to be considered. Request numbered 1, that the tenants are entitled to prevail, was properly refused. Requests numbered 3 and 5, relating to the notice of sale under

G. L. (Ter. Ed.) c. 236, § 28, have already been considered. Request numbered 6[1] was properly refused, for the demandant was entitled to rely on the officer's return. There is nothing in requests numbered 7 and 8 that has not been covered in this opinion.

*Exceptions overruled.*