Roy R. Horn & another *vs.* Frederick J. Hitchcock
& others.

Essex.   May 6, 1955. — June 3, 1955.

Present: Qua, C.J., Wilkins, Spalding, Williams, & Counihan, JJ.

*Attachment. Levy. Execution. Equity Jurisdiction,* Sheriff's sale.

The lien of an attaching creditor on a certain lot of land under a general
attachment on mesne process was lost, and the attachment became
void as to that lot under G. L. (Ter. Ed.) c. 236, § 4, when forty days
after the creditor recovered judgment against the debtor had expired
without the deposit in the registry of deeds of a copy of the execution
with a memorandum thereon that it was in an officer's hands for the
purpose of taking that lot, although an officer had seasonably de-
posited in the registry a copy of the execution with a memorandum
thereon that he levied on and seized another lot of the debtor included
in the attachment.

A court of equity properly entertained a suit to enjoin a sheriff from sell-
ing land on execution pursuant to an attachment on mesne process
which had become void.

Bill in equity, filed in the Superior Court on May 27,
1954.

The suit was heard by *Warner, J.,* on demurrer.

*Wilbert A. Bishop & Wilbert A. Bishop, Jr.,* for the plain-
tiffs, submitted a brief.

No argument nor brief for the defendants.

Wilkins, J.   This is a bill to enjoin a sheriff's sale of
real estate on execution.   From an interlocutory decree sus-
taining a demurrer to the bill and a final decree dismissing
the bill, the plaintiffs appealed.

A summary of the allegations of the bill, as amended, fol-
lows.   The plaintiffs Roy R. Horn and Helen M. Horn are
the owners of land in Nahant, described by metes and
bounds, which is "Lot 1, as shown on plan entitled 'Plan
of a Portion of Land owned by the United Realty Corpora-
tion of Lynn,' O. W. McIntosh, C.E., Lynn, Massachusetts,

dated October 1951, recorded in Essex South District Deeds, filed as Plan No. 674 of 1951." The plaintiffs acquired the land by deed of Robert E. Byrne and Mildred A. Byrne, dated August 14, 1953, and recorded August 17, 1953.

About a year earlier, on August 20, 1952, "the real estate" of Robert E. Byrne was attached on mesne process by virtue of a writ issued from the First District Court of Essex in an action in which Byrne was the defendant and Frederick J. Hitchcock, John L. Hitchcock, and William F. Hitchcock (defendants in the case at bar) were the plaintiffs. On February 19, 1954, the Hitchcocks recovered judgment against Byrne. On March 2, 1954, the defendant deputy sheriff Raymond deposited an attested copy of the execution in that action in the registry of deeds for the Southern District of Essex County. The return on the execution shows that on that date the deputy sheriff levied on and seized a parcel of land in Nahant, described by metes and bounds, which is not lot 1, the parcel owned by the plaintiffs, but is lot 3 on the McIntosh plan. Up to the filing of the present suit on May 27, 1954, nothing was filed in the registry of deeds which showed any levy on and seizure of lot 1. The defendant deputy sheriff advertised a sheriff's sale of lot 1 for June 5, 1954.

The defendants Hitchcock demurred, assigning three grounds, all in substance for want of equity in the bill. In the absence of argument on behalf of the defendants, we are unenlightened as to the precise reason for the judge's action in sustaining the demurrer.

We assume that the attachment on mesne process was a general attachment of all the real estate of Byrne lying in the district, and, accordingly, included both lot 1 and lot 3. G. L. (Ter. Ed.) c. 223, §§ 63, 64. In G. L. (Ter. Ed.) c. 223, § 59, it is provided: "Property which has been attached shall be held for thirty days after final judgment for the plaintiff or claimant so that it may be taken on execution, unless the attachment is sooner dissolved . . . ." Under this or a substantially similar predecessor statute it is settled that the lien of the attaching creditor is gone unless

within the time prescribed after judgment the land be seized on execution. *Gardner* v. *Barnes,* 106 Mass. 505, 506. *Wiggin* v. *Heywood,* 118 Mass. 514, 516. *Hardy* v. *Safford,* 132 Mass. 332. *Whittemore* v. *Swain,* 198 Mass. 37, 40. *Moseley* v. *Moseley,* 240 Mass. 1, 3. See *Hunneman* v. *Lowell Institution for Savings,* 205 Mass. 441, 444–445. As to the analogous situation of an attachment in a suit in equity, see G. L. (Ter. Ed.) c. 223, § 60; *Tolman* v. *Tolman,* 224 Mass. 501, 504. Here the officer did not file in the registry of deeds "a copy of the execution with a memorandum thereon that the execution is in his hands for the purpose of taking" lot 1 "within forty days after the judgment in the action." G. L. (Ter. Ed.) c. 236, § 4.[1] Accordingly, the lien on lot 1 has been lost. Hence, there is a proper occasion for the intervention of equity. *O'Hare* v. *Downing,* 130 Mass. 16, 19. *Stevens* v. *Mulligan,* 167 Mass. 84. *Boston & Maine Railroad* v. *D'Almeida,* 221 Mass. 380, 382.

It follows that the decrees must be reversed, and an interlocutory decree is to be entered overruling the demurrer.

*So ordered.*

---

[1] "If land, which was not attached on mesne process in the action in which the execution issued, is taken on execution, the officer shall forthwith deposit in the registry of deeds for the county or district where the land lies a copy of the execution with a memorandum thereon that the execution is in his hands for the purpose of taking the land of the defendant, and no such taking shall be valid against a purchaser in good faith, for value and without notice, before such copy is deposited. If land was attached on mesne process, a copy of the execution with a memorandum as aforesaid shall be deposited by the officer in the registry of deeds for the county or district where the land lies, within forty days after the judgment in the action, and the attachment shall become void forty days after said judgment unless the copy is so deposited . . . ."