HARRY L. KAHLER & another *vs.* TOWN OF MARSHFIELD.

Plymouth. April 9, 1964. — May 19, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & REARDON, JJ.

*Lien,* Equitable lien, Liability to lienor for disposition of property subject to lien. *Attachment. Eminent Domain,* Attaching creditor, Right to damages.

Under G. L. c. 79, § 3, as amended, the recording in the registry of deeds of an order of taking of land by eminent domain extinguished the lien thereon previously acquired by an attaching creditor of the landowner. [517]

A creditor whose attachment on land of his debtor had been recorded in the registry of deeds acquired an equitable lien on the damages payable to the debtor upon a subsequent taking of the land by the town by eminent domain under G. L. c. 79; and, where it appeared upon appeal from the final decree in a suit in equity by the creditor against the town for declaratory relief that the town had paid to the debtor the balance of the damages over an amount paid by it to a mortgagee, that the debtor had disposed of such balance and had been discharged in bankruptcy, and that the creditor had recovered judgment against him in a sum larger than such balance, this court ordered entry of a decree that the creditor had a cause of action against the town for such balance. [517, 518]

The requirement in G. L. (Ter. Ed.) c. 79, § 8, of giving notice of a taking by eminent domain to "every person whose property has been

taken or who is otherwise entitled to damages on account of such taking" was not restricted by the insertion therein by St. 1936, c. 187, § 1, of the phrase "including every mortgagee of record." [518]

BILL IN EQUITY filed in the Superior Court on May 16, 1962.

The suit was heard by *Tomasello, J.*

*Willis A. Downs* for the plaintiffs.

*John M. Corcoran,* Town Counsel, for the Town of Marshfield.

WILKINS, C.J. The plaintiffs, grain dealers in the State of New York, appeal from a decree in proceedings brought under G. L. c. 231A declaring (1) that a taking by eminent domain of land of one Blunt, formerly a poultry dealer, by the defendant town was valid; and (2) that the plaintiffs, who previously had made an attachment of the land, "are not entitled to any of the proceeds of the sale" of the land to the town. The facts appear in a case stated.

On September 29, 1959, Blunt owed the plaintiffs $19,167.51 for grain purchased. On that date the plaintiffs brought against him an action of contract with an ad damnum of $30,000 in the Third District Court of Plymouth County. On September 30 a real estate attachment was made, and on October 1 a copy of the writ was deposited in the Plymouth registry of deeds. On October 17, the return day, the case was entered. An attorney for Blunt filed an answer.

There were letters written by Blunt's attorney to the plaintiffs' attorney in which it was said that there were twenty-three acres covered by a mortgage of approximately $4,500 to the Rockland Trust Company. Various suggestions were made as to the disposition of proceeds of a prospective sale of the land as a result of which the plaintiffs did nothing toward recovering judgment.

Prior to March 7, 1961, Blunt, through a real estate broker, made an oral agreement to sell to the town for $16,000. On March 7, at the annual town meeting the town voted to authorize a purchase or taking by eminent domain of the land and appropriated $16,000 for the purpose. On May 8, 1961, the town by its selectmen made an order of

taking which was recorded in the registry of deeds. Thereafter the town paid the Rockland Trust Company the amount due on the mortgage and turned over the balance of the $16,000 to Blunt. On November 30, 1961, the plaintiffs, who had learned of these payments, recovered judgment against Blunt, and execution issued in the amount of $21,619.43. On December 22, 1961, a deputy sheriff levied on execution on the land, and advertised for sale at public auction. The sale has been adjourned from time to time awaiting the outcome of this case. Blunt has disposed of all the funds received from the town and has filed a voluntary petition in bankruptcy.

We were informed at the arguments that Blunt was adjudicated and later discharged. His trustee in bankruptcy, of whose identity we are not informed, has not appeared in this case.

It has long been the law of this Commonwealth that attaching creditors are in the position of purchasers for value. *Woodward* v. *Sartwell,* 129 Mass. 210, 212. *Cowley* v. *McLaughlin,* 141 Mass. 181, 182. *Whitney* v. *Metallic Window Screen Mfg. Co.* 187 Mass. 557, 560. *Waltham Co-op. Bank* v. *Barry,* 231 Mass. 270, 273. *Hillside Co-op. Bank* v. *Cavanaugh,* 232 Mass. 157, 161. *Hampden Natl. Bank* v. *Hampden R.R.* 246 Mass. 404, 407. *Stoneham Five Cents Sav. Bank* v. *Johnson,* 295 Mass. 390, 394. As was said by Chief Justice Shaw in *Davenport* v. *Tilton,* 10 Met. 320, 327, "By the law of Massachusetts, an attachment of property on mesne process is a specific charge upon the property, for the security for the debt sued for, and the property is set apart and placed in the custody of the law, for that purpose, subject only to the condition that the attaching creditor shall obtain judgment in the suit, take out execution and levy it upon the property so held, within a limited time." Likewise in *Gardner* v. *Barnes,* 106 Mass. 505, 506, it was said by Mr. Justice Gray, "An attachment of real estate, duly made and recorded, doubtless creates an immediate lien, which, if made effectual by a levy of execution in due form within thirty days after judgment, is not impaired by any intervening incumbrance upon or alienation of the es-

tate attached.'' See G. L. (Ter. Ed.) c. 223, § 59;[1] *Horn* v.
*Hitchcock,* 332 Mass. 643, 644–645.

The recording of the order of taking by eminent domain
extinguished the plaintiffs' lien. See G. L. c. 79, § 3 (as
amended through St. 1959, c. 626, § 1), which provides in
part: ''Upon the recording of an order of taking under
this section, title to the fee of the property taken or to such
other interest therein as has been designated in such order
shall vest in the body politic or corporate on behalf of which
the taking was made; and the right to damages for such
taking shall thereupon vest in the persons entitled thereto
unless otherwise provided by law . . ..''

The town's acquisition of a title free of encumbrances did
not completely terminate the plaintiffs' rights, however, but
gave rise to an equitable lien in their favor. If the pro-
ceeds could have been found in the hands of Blunt, the lien
would have attached to them. *Cohen* v. *Wasserman,* 238
F. 2d 683, 686–688 (1st Cir.). *Gimbel* v. *Stolte,* 59 Ind. 446,
453. See *Bullen* v. *De Bretteville,* 239 F. 2d 824, 830 (9th
Cir.), cert. den. sub nom. *Treasure Co.* v. *Bullen,* 353 U. S.
947; *Thibodo* v. *United States,* 134 F. Supp. 88 (S. D. Cal.).

The question which we must decide is a novel one in this
Commonwealth. Our conclusion is that since the proceeds
have been dissipated, the plaintiffs are entitled to recover
from the town, which made payment in violation of the
plaintiffs' property right of which it had constructive notice
through the recording of the attachment in the registry of
deeds. *Barnett* v. *O'Neal,* 270 Ala. 58, 61. See *Wilson* v.
*Beville,* 47 Cal. 2d 852, 855–856; *Seaboard All-Florida Ry.* v.
*Levitt,* 105 Fla. 600; *Sherwood* v. *Lafayette,* 109 Ind. 411;
*Municipal Sec. Co.* v. *Kansas City,* 195 Mo. App. 464. In
dealing with an analogous problem Professor Scott in his
treatise on Trusts (2d ed.) § 522 states: ''Where the claim-
ant would be entitled to enforce a constructive trust or
equitable lien upon the product of his property if his prop-
erty could be traced into a product, but he is unable to trace

---

[1] ''Property which has been attached shall be held for thirty days after
final judgment for the plaintiff or claimant so that it may be taken on execu-
tion . . ..''

it, he may be entitled to maintain a proceeding in equity to enforce a personal liability of the wrongdoer."

There is no statutory provision which precludes the result we reach. The town relies upon that part of G. L. c. 79, § 8 (as amended through St. 1960, c. 49), which reads, "Immediately after the right to damages becomes vested, the board of officers who have made a taking under this chapter shall give notice thereof to every person, including every mortgagee of record, whose property has been taken or who is otherwise entitled to damages on account of such taking, and to the collector of taxes of the city or town in which the land taken is located." This section does not create rights but merely provides for notice. This is clear from the inclusion of the collector of taxes. The phrase, "including every mortgagee of record," was inserted by St. 1936, c. 187, § 1. Prior thereto the language was broad enough to require notice to "every person whose property has been taken or who is otherwise entitled to damages on account of such taking." That language clearly was not restricted by the insertion of the express inclusion of mortgagees.

The substantive provision in c. 79 for the award of damages is § 6. This reads, "When a taking is made on behalf of the commonwealth, or of a county, city, town or district, the board by whom the taking is made shall, at the time when the order of taking is adopted, award the damages sustained by persons in their property by reason of such taking. . . ." See G. L. c. 79, § 9 (as amended through St. 1938, c. 172, § 7).

It should be noted that to uphold the town's contention that there is no provision for the protection of the plaintiffs' property right would raise serious doubts as to the constitutionality of our eminent domain statute.

The final decree is to be modified by striking out the declaration that the plaintiffs "are not entitled to any of the proceeds of the sale" and by inserting a provision that the plaintiffs have a cause of action against the town for the amount paid to Blunt. The plaintiffs are to have costs of appeal.

*So ordered.*