ALBERT N. McGRATH *vs.* WORCESTER COUNTY NATIONAL
BANK.

Worcester.    October 17, 1975. — December 10, 1975.

Present: ROSE, KEVILLE, & GOODMAN, JJ.

*Attachment.   Levy.   Execution.*

Discussion of the legislative history of and relationship between G. L.
c. 223, § 59, and c. 236, § 4.  [600-602]

Where it appeared that following a mesne attachment of real estate
of the defendant in an action and recovery of judgment by the plain-
tiff, a deputy sheriff, on a day more than thirty days after the
judgment, recorded in the appropriate registry of deeds an execu-
tion accompanied by a memorandum dated on that day and reciting
that he had "this day levied on and taken all right, title and inter-
est" of the defendant in the real estate, it was held that the levy
was not seasonable under G. L. c. 223, § 59, and that the attachment
was dissolved, although it appeared that during such thirty days the
deputy sheriff had tried "unsuccessfully" "to collect the amount
of the execution from" the defendant and that the execution and the
deputy sheriff's memorandum were recorded within forty days after
the judgment as required by c. 236, § 4.  [602-603]

BILL IN EQUITY filed in the Superior Court on November
21, 1973.

The suit was heard by *Beaudreau, J.,* on a statement of
agreed facts.

*John W. Connors* for the defendant.
*Charles B. Swartwood, III,* for the plaintiff.

KEVILLE, J.    This is a bill for declaratory relief brought
in the Superior Court to test the validity of an attachment

of land obtained by the plaintiff in a previous action at law. The defendant appeals from a decree which upheld the validity of the plaintiff's attachment.

The case was tried on a statement of agreed facts constituting a case stated. The relevant facts are as follows. The plaintiff commenced his action at law against one La-Pierre, attached LaPierre's land on mesne process on May 20, 1969, and obtained a judgment against him for approximately $23,760 on June 12, 1973. An execution issued on the judgment and was delivered to a deputy sheriff on June 26 of that year with instructions to levy upon the attached land. After "tr[ying] unsuccessfully" for the next two weeks "to collect the amount of the execution from La-Pierre," the deputy sheriff recorded the execution in the appropriate registry of deeds on July 16, 1973, in accordance with G. L. c. 236, § 4. The memorandum which was appended to the execution and which was dated July 16, 1973, recited: "I have this day levied on and taken all right, title and interest which . . . [LaPierre] had on May 20, 1969 . . . ." In October, 1973, a sheriff's sale was held in which the defendant in the present case was the highest bidder. The defendant, however, refused to accept a conveyance or pay the amount of its bid on the asserted ground that the plaintiff's attachment had been lost and that the sale was therefore invalid. On June 2, 1969, the defendant had itself commenced an action at law against LaPierre and attached the same land. On October 23, 1973, the defendant obtained a judgment in that action for about $112,975, and its execution thereon was recorded in the registry of deeds on November 16 of that year.

In the decree appealed from the plaintiff's attachment and the sheriff's sale were declared valid, and the defendant was ordered to pay the amount of its bid, with interest, upon delivery to it of a deed to the land. We are of the opinion that the decree was based on a misunderstanding of the interrelationship between two statutes — G. L. c. 223, § 59, and G. L. c. 236, § 4 — and was therefore erroneous.

General Laws, c. 223, § 59 (as unamended), insofar as material, provides: "Property which has been attached

shall be held for *thirty* days after final judgment for the plaintiff ... so that it may be taken on execution, unless the attachment is sooner dissolved" (emphasis supplied). That thirty-day period would have expired on July 12, 1973 — four days before the attachment was levied upon — and this is the sole ground on which the defendant's challenge is based. The relevant portion of G. L. c. 236, § 4, on the other hand, is as follows: "If land was attached on mesne process, a copy of the execution with a memorandum [that an execution is in the officer's hands for the purpose of taking the attached land] ... shall be deposited by the officer in the registry of deeds for the county or district where the land lies, within *forty* days after the judgment in the action, and the attachment shall become void *forty* days after said judgment unless the copy is so deposited" (emphasis supplied). That provision was complied with and the trial judge included in the decree a ruling that such compliance was sufficient to preserve the attachment notwithstanding the thirty-day provision of G. L. c. 223, § 59. He apparently concluded that the two statutes are mutually inconsistent and that the more generous timetable prescribed in G. L. c. 236, § 4, prevailed over the one set forth in G. L. c. 223, § 59.

The thirty-day period referred to in G. L. c. 223, § 59, is one during which the attached property "shall be held ... so that it *may be taken* on execution" (emphasis supplied). It has long been held under § 59 and its predecessors that an attachment not levied upon within that period is automatically dissolved. *Hardy* v. *Safford,* 132 Mass. 332, 335 (1882). *Whittemore* v. *Swain,* 198 Mass. 37, 40 (1908). *Moseley* v. *Moseley,* 240 Mass. 1, 3 (1921). *Horn* v. *Hitchcock,* 332 Mass. 643, 644-645 (1955). By contrast, the forty-day period in G. L. c. 236, § 4, refers to the time during which a copy of the execution must be "deposited by the officer in the registry of deeds" *after the judgment.* There is no inconsistency. The two statutes are directed at two different acts to be performed by the officer in order to preserve the lien. Both statutes must be complied with or the attachment is lost. See *Horn* v. *Hitchcock, supra.*

The legislative history underlying the pertinent provision of G. L. c. 236, § 4, inserted in its predecessor (R. L. c. 178, § 4) by St. 1920, c. 344, suggests that it was consciously tailored to the provisions of the contemporaneous predecessor of G. L. c. 223, § 59 (R. L. c. 167, § 55), a statute of much older vintage. The older statute provided then, as it does now, that in the ordinary case attached property shall be held for thirty days after judgment for the plaintiff, but went on to state (in words almost identical to a corresponding clause in G. L. c. 223, § 59) that "if attached in the county of Nantucket and judgment is rendered in another county, or if judgment is rendered in the county of Nantucket and it was attached in another county, it shall be held for *sixty* days after final judgment" (emphasis supplied). The 1920 amendment to what is now G. L. c. 236, § 4, as originally proposed in the House of Representatives would have imposed a forty-day deadline for recording copies of executions levied on attached land in all cases, and made no exception for cases involving Nantucket county of the type referred to in the other statute. See 1920 House Doc. No. 914. Thereafter the bill was amended on the recommendation of the House Committee on Bills in the Third Reading to provide that in those cases involving Nantucket county the copy be recorded within *seventy* days after judgment. See 1920 House Doc. No. 1441; 1920 House Journal, p. 544. The amendment was enacted in that form and the "Nantucket" proviso remains in the statute today.[1] That history indicates a conscious effort by the Legislature to establish a uniform ten-day interval between the levying and recording deadlines in all situations and a legislative awareness of the distinction between the two.

In the memorandum recorded with the execution in the present case, the deputy sheriff made his levy "this day"

---

[1] "[P]rovided, that if land was attached on mesne process in Nantucket county and judgment was rendered in another county, or if judgment was rendered in Nantucket county and land was attached in another county, said copy shall be deposited within seventy days after judgment in the action, and the attachment shall become void seventy days after said judgment unless the copy is so deposited."

— that is, the date of the memorandum, July 16, 1973. The thirty-day period prescribed by G. L. c. 223, § 59, expired July 12. It is true, as the plaintiff contends, that a levy is regarded as having been made when the officer seizes the land, even though additional time may be required to complete the levy. *Heywood* v. *Hildreth,* 9 Mass. 393, 395 (1812). *Hall* v. *Crocker,* 3 Met. 245, 247 (1841). *Hardy* v. *Safford,* 132 Mass. 332, 333, 334 (1882). It is equally true that an overt act by the officer falling short of an entry upon the land has been held sufficient to mark the commencement of a levy and hence the date of the seizure for purposes of § 59. *Hall* v. *Crocker,* 3 Met. at 249-251. *Hunneman* v. *Phelps,* 207 Mass. 439, 440 (1911). But even if we were prepared to treat the vaguely described attempts by the deputy sheriff "to collect the amount of the execution from LaPierre" before the thirty days had expired as a sufficient overt act to constitute commencement of the levy, the occurrence of such an act before July 16 is belied by the deputy's memorandum, as the memorandum in that event should have recited the earlier date as the date of the levy. See *Heywood* v. *Hildreth, supra,* at 394; *Hall* v. *Crocker, supra.* The memorandum does not do so. Instead, it states July 16 as the date of the levy and that recital is conclusive. *Quinlan* v. *Weeks,* 332 Mass. 482, 483 (1955). It follows that the levy was not seasonably made and was therefore invalid.

The decree is reversed. Judgment is to be entered declaring the plaintiff's attachment to have been dissolved and the sheriff's sale invalid for failure to comply with G. L. c. 223, § 59.

*So ordered.*