MRI, INC. *vs.* J. HENRY SCHROEDER BANK & TRUST COMPANY & others. July 1, 1981. By this action the plaintiff sought to invalidate a levy on an execution made by a deputy sheriff of Norfolk County (one of the defendants here). The plaintiff's principal contention is that the levy did not comply with the provisions of G. L. c. 236, § 4, in that the memorandum accompanying the filing of the execution did not specifically state that the "execution [was] in his hands for the purposes of taking the land of the defendant." The facts are stipulated, and the case comes to us by way of a report pursuant to Mass.R.Civ.P. 64, 365 Mass. 831 (1974), and G. L. c. 231, § 111.
    The test in these circumstances is whether the officer complied "with all the substantial requisites of [G. L. c. 236, § 4]." *Wellington* v. *Gale,*

13 Mass. 483, 489 (1816). There was such compliance in this instance. The omission of the phrase "in his hands" is innocuous. That phrase does not provide such pertinent information as is necessary to attain the level of a "substantial requisite[ ] of [the] statute." *Id.* See also 30 Am. Jur. 2d, Executions §§ 235, 245 (1967). Moreover, the plaintiff has made no showing how it was prejudiced as a result of that omission. Cf. *Bertonazzi* v. *Mechanics Natl. Bank,* 379 Mass. 920 (1980).

The plaintiff's reliance on *Horn* v. *Hitchcock,* 332 Mass. 643 (1955), is misplaced. The defect in the levy in *Horn* was substantial because the officer had failed to deposit an attested copy of the execution in the proper registry of deeds within the period prescribed by statute. There, the court concluded that because the levy was made on the wrong parcel the lien on the lot in question "ha[d] been lost." *Id.* at 645.

All the cases relied on by the plaintiff examining compliance with G. L. c. 236, § 4, either concern a deficiency in a "material circumstance" (*Williams* v. *Amory,* 14 Mass. 20, 30 [1817]), or focus on those aspects of the statute which are "essential" (*Wellington* v. *Gale, supra* at 488), or "substantial[ly]" related (*id.* at 489) to the requirement of notice of levy. See *id.* at 488 (notice of time and place of sale not given as required by statute); *Williams* v. *Amory,* 14 Mass. at 29 (levy defective, as sheriff's return failed to show that appraisers were properly qualified); *Parker* v. *Abbott,* 130 Mass. 25, 27 (1880, levy defective, in that the debtor was not served in person as prescribed by relevant statute); *Rand* v. *Cutler,* 155 Mass. 451, 452 (1892, levy void, as it failed to show the time of giving the first notice pursuant to relevant statutory provisions).

Judgment is to be entered declaring that the levy here in question was valid and is to be given effect. A suitable order is to be framed and entered in the Superior Court consistent with this opinion. All restraining orders, injunctions and stays are to be dissolved. The defendants are to have costs in the Superior Court and costs of this review.

*So ordered.*

The case was submitted on briefs.
*John S. Marani* for the defendants.
*Andrew P. Hier* for the plaintiff.