In re John J. SFORZA, Debtor.

In re Alfred L. MAURER, Debtor.

Bankruptcy Nos. 94–15180–
WCH, 94–15183–WCH.

United States Bankruptcy Court,
D. Massachusetts.

Nov. 28, 1994.

William R. Baldiga, Steven D. Pohl, Brown, Rudnick, Freed & Gesmer, P.C., Boston, MA, for American Nat. Red Cross.

Peter L. Zimmerman, Silverman & Kudisch, P.C., Boston, MA, for debtors.

Jillian Kindlund Aylward, Kahn, McKenzie & Aylward, Boston, MA, for interim trustee.

Eric K. Bradford, Dept. for Justice, Boston, MA, for U.S. Trustee, Region 1.

## JOINT DECISION ON MOTION REGARDING ELECTION OF TRUSTEE

WILLIAM C. HILLMAN, Bankruptcy Judge.

### Factual Background

The relevant and undisputed chronology of these cases is as follows:

August 5, 1994—John J. Sforza ("Sforza") and Alfred L. Maurer ("Maurer") (collectively the "Debtors") filed voluntary petitions under Chapter 7 of the Bankruptcy Code. They each scheduled the American National Red Cross (the "Red Cross") as a creditor holding a disputed claim.

August 8, 1994—Jillian Kindlund Aylward was appointed as interim trustee in both cases.

September 7, 1994—12.48pm. The Red Cross filed unsecured nonpriority proofs of claim in both cases, and notified the United States Trustee that it would seek to elect Stephen Gray ("Gray") as trustee at the § 341(a) meeting.

September 7, 1994—1.30pm. Section 341(a) meeting was convened. The Red Cross claim constitutes 29% of the claims filed and 27% of the scheduled debt.[1] The Red Cross requested the election of a trustee and nominated Gray. No other creditors requested an election. Debtors protest that the Red Cross claim is disputed and the subject of state court

litigation. No other creditors voted. Gray elected.

September 9, 1994—Debtors filed objection to the Red Cross proof of claim and notice that election is disputed.

September 9, 1994—United States Trustee filed report of disputed election.

September 19, 1994—The present motion to resolve dispute was filed by the Red Cross.[2]

### Discussion

The Bankruptcy Code provides that creditors who would elect a Chapter 7 trustee must satisfy the requirements of § 702:

"(a) A creditor may vote for a candidate for trustee only if such creditor—

"(1) holds an allowable, undisputed, fixed, liquidated, unsecured claim of a kind entitled to distribution under 726(a)(2), 726(a)(3), 726(a)(4), 752(a), 766(h), or 766(i) of this title;

"(2) does not have an interest materially adverse, other than an equity interest that is not substantial in relation to such creditor's interest as a creditor, to the interest of creditors entitled to such distribution; and

"(3) is not an insider.

"(b) At the meeting of creditors held under section 341 of this title, creditors may elect one person to serve as trustee in the case if election of a trustee is requested by creditors that may vote under subsection (a) of this section, and that hold at least 20 percent in amount of the claims specified in subsection (a)(1) of this section that are held by creditors that may vote under subsection (a) of this section.

"(c) A candidate for trustee is elected trustee if—

"(1) creditors holding at least 20 percent in amount of the claims of a kind specified in subsection (a)(1) of this section

---

1. It has been held that it is the amount listed on the face of the proof of claim which should control, *In re Lake States Commodities, Inc.*, 173 B.R. 642, 646 (Bankr.N.D.Ill.1994), but that factor is not relevant on the facts before me.

2. Because the last day of the 10 day period for filing the present motion under Fed.R.Bankr.P. 2003(d) fell on a weekend, the time for filing was extended to Monday, September 19th. Fed.R.Bankr.P. 9006(a).

that are held by creditors that may vote under subsection (a) vote; and

"(2) such candidate receives the votes of creditors holding a majority in amount of claims specified in subsection (a)(1) of this section that are held by creditors that vote for a trustee."

It is undisputed that the Red Cross holds more than 20 percent in amount of the claims.[3] The initial inquiry must be whether the Red Cross is entitled to vote under § 702(a). If it is not, there was no qualified creditor who had a right to request an election, and the election is a nullity.

The Federal Rules of Bankruptcy Procedure provide that

"a creditor is entitled to vote at a meeting if, at or before the meeting, the creditor has filed a proof of claim or a writing setting forth facts evidencing a right to vote pursuant to § 702(a) of the Code unless objection is made to the claim or the proof of claim is insufficient on its face."

Fed.R.Bankr.P. 2003(b)(3).

■ No objection has been voiced to the prima facie validity of the Red Cross claim, Fed.R.Bank.P. 3001(f), and so I turn to the issue of whether "objection" was made within the meaning of the rule.

At the § 341(a) meeting, after announcing that the Debtors· objected to the election, their counsel stated:

"Well, the claim has been disputed. There is a lawsuit filed in Norfolk Superior Court by American Red Cross. There have been counterclaims filed by both John Sforza and Al Maurer to that claim, and the case has been pending. Recently, there was a motion for summary judgment filed by [Red Cross] that was denied.  . . ."

*Transcript of § 341(a) Meeting,* p. 8.

This amounts to an assertion that the Red Cross claim is disputed and hence not entitled to call for an election.

■ Debtors' written objection to the proof was not filed until after the election was held. Post-election objections are late

and should not be considered. *In re Lake States Commodities, Inc., supra.*

■ There does not appear to be any authority regarding the formality with which an objection must be voiced in the § 702 context. This Circuit respects informal proofs of claim, *La Electronica, Inc. v. Capo–Roman (In re La Electronica, Inc.),* 995 F.2d 320, 323 n. 4 (1st Cir.1993) (disallowance of § 503(a) request for payment of administrative expense does not foreclose its reconsideration as a timely informal proof of claim). *See also Liakas v. Creditors' Committee,* 780 F.2d 176 (1st Cir.1986). I hold that a clearly expressed objection, stating the grounds therefore, satisfies the requirement of § 702, even if no written objection to the claim has been filed at that time. This rule comports with the requirement of due process. If, as here, a proof of claim is filed only minutes before the § 341(a) meeting, the debtor should not be required to attempt to comply with formalities in objecting to that claim *for purposes related to the meeting.*

■ I find that the statement of Debtors' counsel was adequate to constitute an objection to the Red Cross claim. That fact does no more than preserve determination of the issue of eligibility for the Court by way of the United States Trustee's report of the disputed election and a motion timely filed, both as provided in Rule 2003(d). A frivolous objection cannot be allowed to deprive a creditor of its right to call for the election of a trustee.

■ The next issue to be resolved is the applicable standards for determining the qualification to vote. There is little authority on the point. Judge Felsenthal would have me conduct a mini-trial to determine something akin to probable cause:

"If an objection is raised, it is incumbent upon the objecting party to present facts from which the court can reasonably conclude that after a sufficient time for discovery the objecting party could present evidence of equal probative force to that of

---

**3.** The fact that only a single creditor voted has no significance. *See In re Poage,* 92 B.R. 659, 664

(Bankr.N.D.1988) and cases cited.

the creditor's claim. If the objecting party satisfied this burden the claim should be disallowed for voting purposes unless the claimant presents sufficient facts from which the court could reasonably conclude that after a reasonable time for discovery, the claimant could prove the validity and amount of his claim by a preponderance of the evidence. Because of the strong policy of creditor control behind Chapter 7, any doubts would be resolved in favor of the claimant."

*Poage* at 665.

It is not necessary to reach this point as in my view the Red Cross is precluded from relitigating the issue of whether its claim is in dispute.

In support of their burden, Debtors offered Justice Chin's memorandum of decision in the Superior Court litigation. He denied the Red Cross motion for summary judgment "because material issues of fact exist as to the scope of the parties' agreement to engage in settlement negotiations. Particularly, whether plaintiffs breached the settlement agreement by failing to negotiate in good faith ... and whether plaintiff fraudulently induced defendants to enter into the settlement agreement."

*Debtors' Responses to Motion,* Ex. A.

The controlling decision is *Dennis v. R.I. Hospital Trust National Bank,* 744 F.2d 893 (1st Cir.1984). As was pointed out in that case,

" 'Claim preclusion' bars the relitigation of any issue that was, or *might have been,* raised in respect to the subject matter of the prior litigation."

*Id.* at 898 (emphasis in the original).

The decision by Justice Chin that material issues of fact exist subsumes that a dispute exists. As *Dennis* also instructs,

"An issue may be 'actually' decided even if it is not *explicitly* decided, for it may have constituted, logically or practically, a necessary component of the decision reached."

*Id.* at 899 (emphasis in original).

I find that the Red Cross claim is disputed for purposes of § 702(a)(1) and hence the Red Cross was not qualified to request the election of a trustee under § 702(b).[4]

An order will enter in each case declaring that the election is void. The interim trustee will serve as the Chapter 7 trustee.

---

4. Limiting my conclusion to this single ground should not indicate that I am satisfied that Red Cross can satisfy the other requirements of the statute. For example, Debtors allege that the Red Cross has an attachment on their property. One can read the Massachusetts cases to hold that Red Cross is a secured creditor by virtue of the attachment and hence cannot qualify to vote.

*See, e.g., Kahler v. Marshfield,* 347 Mass. 514, 516, 198 N.E.2d 647, 648 (1964) and cases cited; *In re Paul,* 67 B.R. 342 (Bankr.D.Mass.1986). I also question whether the Red Cross claim, even if deemed undisputed, is not materially adverse to the interest of creditors generally. *See* 11 U.S.C. § 702(a)(2).