In re Edna J. VALENTINE, Debtor.

No. 01–60320.

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

July 31, 2001.

Robert B. Hill, Hill, Rainey & Eliades, Colonial Heights, VA, for debtor.

Kevin A. Lake, Richmond, VA, Walter T. Charlton, Walter T. Charlton & Associates, Annapolis, MD, for trustee.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Chief Judge.

Hearing was held July 25, 2001, on a motion by the estate of Daniel B. Delaney for resolution of a disputed § 702 trustee election and on the Delaney estate's objection to the U.S. Trustee's report of disputed election. At conclusion of the hearing, the matter was taken under advisement. For the reasons stated herein, the Delaney estate's objection to the report of disputed election will be overruled. The court holds that the Delaney estate's claim is disputed for purposes of § 702(a)(1), and it was not qualified to request the election of a trustee under § 702(b).

### Procedural History and Positions of the Parties.

On May 4, 2001, the U.S. Trustee filed a report of disputed election. The report details the history of this bankruptcy case and the circumstances surrounding the election. The trustee believes that the Delaney estate's election of Marc Albert, interim trustee, is subject to a bona fide dispute and pending a resolution by the court, Albert continues in office.

On May 15, 2001, the Delaney estate filed an objection to the trustee's report and a motion for resolution of a disputed § 702 trustee election.[1] The Delaney estate's motion goes into great detail about the probate issues and resulting monetary judgment giving rise to its claim against debtor. It argues that the claim is "not disputed in the classic sense of the word" and that the claim is not adverse to the debtor's estate because the claim was tested in probate court and should be given full faith and credit. DELANEY OBJECTION, p. 10. Moreover, the Delaney estate asserts that its claim is not materially adverse to other unsecured creditors because the only point at issue is the claim's amount. Finally, the Delaney estate asserts its belief that debtor's appeal of the probate court judgment has no merit and that its interest in dismissing the appeal does not put it in conflict with other unsecured creditors.

On June 27, 2001, debtor filed a motion in opposition to the Delaney estate's objection. Debtor asserts three arguments as to why the interim trustee should remain in the case. First, debtor argues that the Delaney estate's motion should be stricken "because it is fatally tainted with defamatory and false statements of fact."[2] DEBTOR'S RESPONSE, at 2. Next, debtor asserts that because there was never a trial on the merits in the probate court, the principles of res judicata and collateral estoppel do not apply and the judgment is not entitled to full faith and credit. Finally, debtor asserts that the Delaney estate failed to provide a sound legal or factual justification to challenge the trustee's report.

The U.S. Trustee did not file a response to these motions, and he took a neutral position at the hearing held July 25, 2001.

### Findings of Fact.

1. *The Election Dispute.*

Debtor filed for relief under chapter 7 on February 27, 2001. On February 28, 2001, Sherman B. Lubman was appointed interim chapter 7 trustee.

Prior to debtor's § 341 meeting of creditors, counsel for the Delaney estate contacted the U.S. Trustee and requested an election of a permanent chapter 7 trustee pursuant to § 702. On April 4, 2001, the interim chapter 7 trustee initiated debtor's § 341 meeting of creditors and the U.S. Trustee attempted to hold the election. At that time, counsel for the Delaney estate informed the parties that he was not prepared for the election because the party he intended to nominate backed out at the last minute. The election was cancelled and the interim trustee conducted the § 341 meeting.

Debtor's § 341 meeting was continued to May 2, 2001. Counsel for the Delaney estate informed the parties that the election should be held on that date.

On May 2, 2001, the U.S. Trustee conducted the election. Those present at the election included: debtor, debtor's counsel, counsel for the Delaney estate and three creditors.

Debtor's counsel objected to the election because debtor disputes the Delaney estate's claim. The U.S. Trustee proceeded

---

1. Federal Rule of Bankruptcy Procedure 2003(d)(2) states in part: "Unless a motion for the resolution of the dispute is filed no later than 10 days after the United States trustee files a report of a disputed election for trustee, the interim trustee shall serve as trustee in the case." The court notes that the Delaney estate's objection was received eleven days after the trustee filed his report.

2. Debtor's motion included a motion to strike for violation of Rule 11(b). This was not raised at hearing and is outside the scope of this opinion.

with the election and stated that he would submit a report so that the court could resolve the matter.

Counsel for the Delaney estate nominated Marc Albert. A creditor nominated the interim trustee. It was decided that it was not necessary to vote on the interim trustee because he would become permanent if the vote on Albert's nomination failed. Counsel for the Delaney estate voted the unsecured portion of its claim in favor of Albert.

The U.S. Trustee filed his report of disputed election and asked the court to resolve the issue of whether the Delaney estate is entitled to vote due to the possible disputed nature of its claim.

### 2. *The Delaney Estate's Proof of Claim.*

The Delaney estate filed a proof of claim in this case based on a judgment it received from the D.C. Superior Court, probate division, for approximately $514,000.00 plus interest. Debtor has appealed the probate court's ruling.

Debtor's schedule D, which was filed on March 13, 2001, prior to the § 341 meeting, lists the Delaney estate as a secured creditor and indicates in the appropriate place that the claim is disputed.[3]

On May 11, 2001, debtor filed an objection to the Delaney estate's proof of claim. No answer was received, and an order was entered on July 10, 2001, disallowing the claim.[4]

The interim chapter 7 trustee conducted an initial investigation into the Delaney estate's claim, and he found that debtor's appeal is pending in D.C. If the appeal is

successful, debtor's bankruptcy estate stands to receive approximately $600,000.00. If the appeal is not pursued then, effectively, debtor has no estate to administer.

The Delaney estate vigorously asserts that the probate court's ruling should be upheld, and it will oppose debtor's attempts to have that ruling overturned on appeal. The Delaney estate also would oppose any efforts by the chapter 7 trustee to avoid the judgment lien secured by debtor's real property.

### *Conclusions of Law.*

The election of a trustee is governed by 11 U.S.C. § 702, which states:

> A creditor may vote for a candidate for trustee only if such creditor—(1) holds an allowable, undisputed, fixed, liquidated, unsecured claim of a kind entitled to distribution under section 726(a)(2), 726(a)(3), 726(a)(4), 752(a), 766(h), or 766(i) of this title; (2) does not have an interest materially adverse, other than an equity interest that is not substantial in relation to such creditor's interest as a creditor, to the interest of creditors entitled to such distribution; and (3) is not an insider.

11 U.S.C. § 702(a).

Federal Rule of Bankruptcy Procedure 2003 also governs elections. Specifically, Rule 2003(b)(3) states that

> a creditor is entitled to vote at a [§ 341] meeting if, at or before the meeting, the creditor has filed a proof of claim or a writing setting forth facts evidencing a

---

**3.** Schedule D reflects that the Delaney estate has a judgment lien on debtor's real property. The amount of claim is listed as $500,000.00. The market value of property subject to the lien is listed as $321,167.00. The unsecured portion of the claim is listed as $178,833.00.

**4.** At hearing, counsel for the Delaney estate asserted that he never received debtor's objection to the proof of claim or the order disallowing the claim. The parties agreed to submit a consent order vacating the order disallowing the claim.

right to vote pursuant to § 702(a) of the Code unless objection is made to the claim or the proof of claim is insufficient on its face.

FED. R. BANKR. P. 2003(b)(3).

Since a creditor may be excluded from voting if there is an objection to its claim, the court must determine whether this requires a written objection be filed with the court prior to the § 341 meeting, or whether some other form of objection suffices.[5]

In this case, debtor's schedule clearly states that the claim of the Delaney estate is disputed. Moreover, counsel for debtor orally objected to the claim at the § 341 meeting prior to the election. Debtor did not file a written objection to the Delaney estate's proof of claim until after the § 341 meeting.

■ The Bankruptcy Code does not expressly address the required level of formality of the objection, and this court has not addressed this issue previously. There is case law to support debtor's position that a written objection to a proof is claim is not required. *See In re Sforza,* 174 B.R. 656 (Bankr.D.Mass.1994); 9 COLLIER ON BANKRUPTCY, ¶ 2003.02[2][d] (Lawrence P. King, ed., 15th ed. rev.1997). Cases that follow this line of reasoning hold that a written objection is not required because raising an oral objection merely "preserve[s] determination of the issue of eligibility for the Court by way of the United States Trustee's report of the disputed election and a motion timely filed, both as provided in Rule 2003(d)." *In re Sforza,* 174 B.R. at 658.

Once an oral objection is made, the U.S. Trustee will submit his report of disputed election and it will be up to the court to determine whether the objection has merit. Frivolous objections will be overruled. Because an oral objection merely preserves the issue for the court, this court concludes that debtor's listing of the claim as disputed on her schedules and her oral objection to the claim at the § 341 meeting is a sufficient basis for the court to determine that the Delaney estate's claim is disputed.

■ The next issue the court must address is whether debtor's objection to the election was frivolous. Without reaching the merits of debtor's objection to the Delaney estate's proof of claim, the court holds that the objection to the election was not frivolous. Debtor appealed the probate court's ruling.[6] There is a question as to the value of debtor's real property that is subject to the Delaney estate's judgment lien and, therefore, the amount of the unsecured portion of the claim is unknown at this time. Moreover, debtor listed the claim as disputed on her schedule and later filed a written objection to claim.

Considering all of the circumstances, the Delaney estate's claim is "disputed" for purposes of § 702(a)(1), and it is not entitled to vote for a candidate for trustee.[7] Moreover, the Delaney estate was not qualified to request the election of a trustee under § 702(b). Therefore, Albert's nomination fails, and the interim trustee

---

**5.** The Delaney estate asserts that its claim is not disputed because no one filed a written objection to its proof of claim prior to the § 341 meeting.

**6.** The court makes no finding as to whether the issues on appeal have merit.

**7.** Since the court holds that the claim is disputed pursuant to § 702(a)(1) it does not reach the issue of whether the Delaney estate has a materially adverse interest to the other creditors under § 702(a)(2).

will become the permanent chapter 7 trustee.

A separate order will be entered.